## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER GONZALEZ, and similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>PARADE MANAGEMENT LIMITED LIABILITY COMPANY a/k/a PARADE ENTERPRISES, LLC, a/k/a BURGER KING, and all other affiliated entities and/or joint employers and BHARAT DESAI, individually, MAHESH PATEL, individually, and BHAVESH PATEL, individually,<br><br>Defendants. | COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>Civil Case No.:<br><br>Jury Trial Demanded |

Named Plaintiff JENNIFER GONZALEZ ("Gonzalez" or "Named Plaintiff") on behalf of herself and all other similarly situated employees of Defendants, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective and Class Action Complaint against Defendants PARADE MANAGEMENT LIMITED LIABILITY COMPANY a/k/a PARADE ENTERPRISES, LLC, a/k/a BURGER KING, and all other affiliated entities and/or joint employers ("Parade" or Defendants) and BHARAT DESAI, individually, MAHESH PATEL, individually, and BHAVESH PATEL, individually (collectively "Parade Defendants") and alleges as follows:

### INTRODUCTION

1. Named Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.*

1

(as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC") (collectively the "NJWHL"), and other applicable state laws.

2. Named Plaintiff brings this lawsuit against Defendants as a collective action on behalf of herself and all other persons similarly situated – titled managers - who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and as a class action pursuant to Rule 23.

3. Beginning in approximately 2008, and continuing through the present, Defendants engaged in a policy and practice of requiring Named Plaintiff and members of the putative class to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state laws.

4. The Named Plaintiff has initiated this action on behalf of herself and similarly situated employees employed by Defendants in their New Jersey restaurants, to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Named Plaintiff's NJWHL claims, pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Named Plaintiff performed non-exempt restaurant duties for the Defendants in New Jersey and based from several of the Defendants' locations in Union County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendants were and remain enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage restaurants, throughout the tri-state area, as well as purchase materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Named Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Named Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Named Plaintiff Gonzalez is an adult individual who is a resident of Roselle Park, New Jersey.

11. Named Plaintiff Gonzalez was employed by Defendants from in or about April 2012, through in or about October 2017.

12. Named Plaintiff Gonzalez was employed by Defendants as full time as a restaurant worker with the title crew, from April 2010 until 2013, then as a titled assistant manager from 2013, until 2016. She became a titled manager in 2016, and continued to work with that title until October 2017, performing duties in furtherance of Defendants' business, including

but not limited to, food preparation, cleaning, dishwashing, cash register duties, as well as inventory related work.

13. Named Plaintiff Gonzalez worked in Defendants' Roselle Park, and two Elizabeth restaurants.

**Corporate Defendants**

14. Parade is a New Jersey corporation, formed in or about 2003, with their principal offices located at 105 White Oak Lane, Suite 201-B, Old Bridge, NJ, 08857.

15. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendants**

16. Upon information and belief, individual Defendant Bharat Desai is a New Jersey state resident.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bharat Desai has been an owner, partner, officer and/or manager of the Defendant Parade

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bharat Desai has had power over personnel decisions at the Defendant Parade's business.

19. Defendant Bharat Desai was regularly present at Parade, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

20. Upon information and belief, individual Defendant Mahesh Patel is a New Jersey state resident.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Mahesh Patel has been an owner, partner, officer and/or manager of the Defendant Parade.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendant Mahesh Patel has had power over personnel decisions at the Defendant Parade's business.

23. Defendant Mahesh Patel was regularly present at Parade, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

24. Upon information and belief, individual Defendant Bhavesh Patel is a New Jersey state resident.

25. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bhavesh Patel has been an owner, partner, officer and/or manager of the Defendant Parade.

26. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bhavesh Patel has had power over personnel decisions at the Defendant Parade's business.

27. Defendant Bhavesh Patel was regularly present at Parade, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

28. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

29. At all times relevant to this Complaint, the Defendants were and are employers engaged in

commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u>

## CLASS AND COLLECTIVE ALLEGATIONS

30. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

31. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

32. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL, as well as all other applicable state laws, by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

33. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 1000 employees. In addition, the names of all potential members of the putative class are not known.

34. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

35. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' restaurants.

36. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and

hour class and collective action litigation.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

38. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

39. Plaintiffs' claims under the NJWHL, and all other applicable state laws, are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

40. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

41. Based upon the information preliminarily available, and subject to discovery, beginning in approximately 2008, and continuing to in or about January 2019, Defendants employed the Named Plaintiff and members of the putative class to perform tasks in furtherance of their restaurant business, including but not limited to, food preparation, cleaning, dishwashing, cash register duties, as well as inventory related work.

42. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Named Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

43. In or about 2016, Named Plaintiff was given the title of Manager.

44. Defendants improperly classified Named Plaintiff and members of the putative class as "exempt," refusing to pay Named Plaintiff and similarly situated employees overtime for the hours that they worked in a work week in excess of forty (40) hours.

45. Additionally, Defendants refused to pay the Named Plaintiff Gonzalez and other similarly situated employees for all hours that they worked each work week.

46. Named Plaintiff's duties were the same as those employees that she allegedly supervised.

47. Named Plaintiff Gonzalez and all other similarly situated employees spent most of their time performing food preparation, cleaning, dishwashing, and cash register duties.

48. Pursuant to Defendants' practice and policy, Defendants regularly improperly deducted wages from Plaintiff and other similarly situated employees.

49. Named Plaintiff Gonzalez was not paid at time and one half for the hours that she worked in excess of forty (40) in a workweek.

50. Named Plaintiff Gonzalez was not paid at all for hours that she worked outside of her scheduled shift hours.

51. Named Plaintiff and all other similarly situated employees were scheduled to work ten (10) hour shifts.

52.  Named Plaintiff Gonzalez earned approximately $12.50 per hour.

53. Named Plaintiff Gonzalez routinely worked five (5) to seven (7) days per week.

54. Named Plaintiff Gonzalez worked on average approximately one (1) to (2) extra hours each shift; therefore, on each shift, the Named Plaintiff and all other similarly situated employees of Defendants worked approximately twelve (12) hours, but were only compensated for ten (10) hours.

55. Defendants did not properly keep track of Named Plaintiff's, as well as other similarly situated employees' time, in any way.

56. Named Plaintiff rarely, if ever, worked less than forty (40) hours in a workweek.

57. Named Plaintiff and similarly situated employees were not paid time and one half for their hours worked over forty (40) in a workweek.

58. The Named Plaintiff and other managers in several stores discussed their day to day duties, as are more fully set forth above, their complaints relating to their unpaid overtime, their complaints regarding not receiving any pay for the time that they worked outside of their scheduled shift hours, as well as Defendants' unfair time and pay practices.

59. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA the NJWHL, as well as other applicable state laws, as described in this Complaint.

60. At all times material hereto, Named Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

61. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, applicable provisions of the NJWHL, as well as other applicable state laws, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees' compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

62. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained

above.

63. Named Plaintiff is entitled to compensation for each of her overtime hours worked each work week.

64. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

65. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

66. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees for all hours that they worked.

67. By reason of the said intentional, willful, and unlawful acts of Defendants, Named Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

68. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

69. As a result of Defendants' willful violations of the Act, Named Plaintiff and those similarly situated employees, are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

70. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

71. Defendants' aforementioned conduct is in violation of the New Jersey State Wage Payment

10

Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC") (collectively the "NJWHL"), in that the Defendants willfully failed to pay the Named Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

72. As a direct and proximate cause of Defendants' actions, Named Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## **JURY TRIAL**

73. Named Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Named Plaintiff, individually and on behalf of all other similarly situated employees, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(3) Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated:  August 22, 2019           Respectfully submitted,

                                          /s/ Andrew I. Glenn
                                        Andrew I. Glenn
                                        Email: Aglenn@jaffeglenn.com New
                                        Jodi J. Jaffe, Esquire
                                        E-mail: jjaffe@JaffeGlenn.com
                                        **JAFFE GLENN LAW GROUP, P.A.**
                                        301 N. Harrison Street, Suite 9F, #306
                                        Princeton, New Jersey 08540
                                        Telephone: (201) 687-9977

Facsimile: (201) 595-0308
*Attorneys for Named Plaintiff and the Putative Class*